FILED
SEP 18 2026
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

# UNITED STATES DISTRICT COURT

for the

EASTERN District of VIRGINIA

NORFOLK Division

Carmen R. Williams

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-v-

Professional Hospitality Resources, Inc. &
Oceanfront Investments, LLC d/b/a
We Scream Ice Cream and Coffee Shop

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

Case No. 2:26 cv 1000
*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)* ☒ Yes ☐ No

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Carmen R. Williams |
| Street Address | 2133 Holly Berry Ln. |
| City and County | Chesapeake City |
| State and Zip Code | Virginia, 23325 |
| Telephone Number | (757)776-2934 |
| E-mail Address | Rayannjw@gmail.com |

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Professional Hospitality Resources, Inc. |
| Job or Title *(if known)* | |
| Street Address | 300 32st, Suite 500 |
| City and County | Virginia Beach City |
| State and Zip Code | Virginia, 23451 |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | Oceanfront Investments, LLC d/b/a We Scream Ice Cream and Coffee Shop |
| Job or Title *(if known)* | |
| Street Address | 4201 Atlantic Avenue |
| City and County | Virginia Beach City |
| State and Zip Code | Virginia, 23451 |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

### C. Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | We Scream Ice Cream and Coffee Shop |
| Street Address | 4201 Atlantic Avenue |
| City and County | Virginia Beach City |
| State and Zip Code | Virginia, 23451 |
| Telephone Number | |

## II. Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☐ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☒ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Other federal law *(specify the federal law)*:

☐ Relevant state law *(specify, if known)*:

☐ Relevant city or county law *(specify, if known)*:

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- ☐ Failure to hire me.
- ☒ Termination of my employment.
- ☐ Failure to promote me.
- ☒ Failure to accommodate my disability.
- ☒ Unequal terms and conditions of my employment.
- ☒ Retaliation.
- ☐ Other acts *(specify)*:

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B. It is my best recollection that the alleged discriminatory acts occurred on date(s)

12/01/2024 - 04/18/2025

C. I believe that defendant(s) *(check one)*:

- ☐ is/are still committing these acts against me.
- ☐ is/are not still committing these acts against me.

D. Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

- ☐ race
- ☐ color
- ☐ gender/sex
- ☐ religion
- ☐ national origin
- ☐ age *(year of birth)* *(only when asserting a claim of age discrimination.)*
- ☒ disability or perceived disability *(specify disability)*

Type 1 Diabetes (T1D)

E. The facts of my case are as follows. Attach additional pages if needed.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**NORFOLK DIVISION**

**PRO SE 7 — SECTION III-E CONTINUATION**

**The facts of my case are as follows:**

**1.** Plaintiff Carmen R. Williams was employed by Professional Hospitality Resources, Inc. ("PHR") at the We Scream Ice Cream and Coffee Shop located at the Marriott Virginia Beach Oceanfront Resort, 4201 Atlantic Avenue, Virginia Beach, Virginia, as a barista beginning May 13, 2024. The EEOC charge identified Oceanfront Investments, LLC d/b/a We Scream Ice Cream and Coffee Shop as the respondent, and PHR's position statement identified Professional Hospitality Resources, Inc. as Plaintiff's employer. Plaintiff has Type 1 Diabetes, a disability, which she disclosed to her manager, Katelynn, during her hiring interview. Plaintiff explained that she needed breaks to eat, check her blood glucose, and administer insulin. Katelynn permitted Plaintiff to take these breaks. Katelynn left the workplace in or about September 2024. After Katelynn left, and after Cidlaly became the supervisor in December 2024, Plaintiff began experiencing increasing difficulty managing her diabetes while working, particularly when Cidlaly left Plaintiff alone in the shop. See Exhibits 1, pages 1–2; Exhibit 6, pages 1–2; and Exhibit 7, pages 1–2 and 5.

**2.** Plaintiff also experienced an increased workload while working with Cidlaly. When Cidlaly left the work area, Plaintiff was left to handle additional customer and operational responsibilities, including preparing drinks and performing other duties normally handled by the supervisor. The increased workload and lack of coverage made it more difficult for Plaintiff to step away from her duties to eat, monitor her blood glucose, administer insulin, or otherwise manage her Type 1 Diabetes, and Plaintiff informed management that these conditions were affecting her health. See Exhibit 3, pages 4–5 and 9; Exhibit 4, page 3; and Exhibit 6, page 2.

**3.** Plaintiff repeatedly reported concerns regarding Cidlaly's conduct to management, including her department manager, Aukayla Alt, as well as Kyle and Gabby. On February 28, 2025, Plaintiff reported to Aukayla that Cidlaly repeatedly left the work area while on shift without providing coverage. Plaintiff explained that this made it difficult for her to step away from the work area, including to use the bathroom while experiencing physical symptoms. See Exhibit 1, page 1; and Exhibit 3, pages 2 and 4–5.

**4.** On March 7, 2025, Plaintiff personally presented and read a written complaint to Kyle and Gabby concerning Cidlaly's conduct. Plaintiff explained that Cidlaly repeatedly left the shop, which resulted in Plaintiff having difficulty stepping away to use the restroom, take medication, and eat when her blood sugar became extremely low. Plaintiff also explained that these circumstances were affecting her ability to work and manage her health. See Exhibit 1, page 1; and Exhibit 3, pages 3–5.

**5.** The problems continued. On March 16, 2025, Plaintiff experienced a significant drop in her blood sugar during a work shift and communicated with Aukayla about the episode. On April 6, 2025, Plaintiff again informed Aukayla that her blood sugar was dropping and that she was experiencing sweating while working. Aukayla responded that Plaintiff's health was more important than the job. On April 17, 2025, Plaintiff told Aukayla that she could not work alone with Cidlaly again because of health reasons and because Cidlaly was leaving Plaintiff alone in the shop. Aukayla told Plaintiff that she had returned another barista to the morning schedule so Plaintiff would not be alone. See Exhibit 1, page 1; and Exhibit 3, pages 6–9.

**6.** On April 18, 2025, Plaintiff experienced a significant drop in her blood sugar and began experiencing shaking, sweating, dizziness, crossed vision, and faintness. Plaintiff attempted to continue working despite these symptoms. Because she needed to address her medical condition, Plaintiff was forced to remove herself from the floor to take a break and manage her diabetes. After Plaintiff left the floor, Cidlaly left the store, leaving

Plaintiff as the only employee present. Plaintiff's condition continued to worsen, and she needed to leave the workplace to manage her diabetes. See Exhibit 1, page 2; Exhibit 3, page 6; and Exhibit 4, pages 1–3 and 6.

**7.** Plaintiff notified Aukayla of her condition and that she needed to leave. Plaintiff then contacted Gabby and explained that she was still experiencing symptoms and could not remain at work. During the phone call, Gabby told Plaintiff that if she left, she would be written up. After this phone call with Gabby, Plaintiff left the workplace because she was still experiencing the effects of the diabetic episode and believed she needed to leave to protect her health. See Exhibit 1, page 2; and Exhibit 4, pages 4–6.

**8.** While Plaintiff was still experiencing the effects of the hypoglycemic episode, Plaintiff's girlfriend entered the store. Plaintiff later entered the store and was present during an argument between Cidlaly and Plaintiff's girlfriend. In Plaintiff's presence and in the presence of customers, Cidlaly mocked Plaintiff's lack of breaks by stating, "Aww haha, she doesn't get any breaks, aww," while making a sad facial expression. Gabby then entered the store, directed Plaintiff and her girlfriend toward the exit while stating, "You need to get out," and threatened to call the police. Plaintiff left the store with her girlfriend. See Exhibit 1, page 2; and Exhibit 4, pages 4–5.

**9.** Plaintiff informed management that she would not be returning because of the effect the workplace circumstances were having on her health and Type 1 Diabetes. Plaintiff formally submitted her resignation in writing on April 28, 2025, effective April 18, 2025. Defendants' own April 18 record states that Plaintiff's employment was "terminated, effective immediately," and an April 29 HR email likewise stated, "We processed your termination." Plaintiff disputed the characterization of her separation and documented her position in writing. See Exhibit 4, page 8; and Exhibit 5, pages 1–2 and 4–8.

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV. Exhaustion of Federal Administrative Remedies

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*
01/13/2026

B. The Equal Employment Opportunity Commission *(check one)*:

- ☐ has not issued a Notice of Right to Sue letter.
- ☒ issued a Notice of Right to Sue letter, which I received on *(date)* 06/24/2026 .

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C. Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

- ☐ 60 days or more have elapsed.
- ☐ less than 60 days have elapsed.

## V. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

# SECTION V — RELIEF

**Plaintiff respectfully requests that the Court award:**

Lost wages currently calculated at **$51,186.98**; compensatory damages for emotional distress and other non-economic harm currently claimed at **$50,000**; punitive damages currently claimed at **$50,000**, to the extent permitted by law; the costs of this action; appropriate training for management and staff at the Marriott Virginia Beach Oceanfront Resort concerning the ADA, disability rights, protected activity, reasonable accommodation, and employees' rights to raise disability-related concerns, to the extent permitted by law; and such other relief as the Court deems appropriate.

**Current damages calculation: $151,186.98.** Plaintiff requests that the amount of damages be determined based on the evidence and permitted by law.

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 09/18/2026

Signature of Plaintiff [signature]

Printed Name of Plaintiff Carmen R. Williams

### B. For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address



Print Save As... Add Attachment Reset

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
NORFOLK **DIVISION**

Carmen R. Williams
**Plaintiff(s),**

**v.**

Professional Hospitality Reaources, Inc. & Oceanfront Investments, LLC d/b/a We Scream Ice Cream and Coffee Shop
**Defendant(s),**

**Civil Action Number:** ____________________

## LOCAL RULE 83.1 (N) CERTIFICATION

**I declare under penalty of perjury that:**

**No attorney has prepared or assisted in the preparation of** Statement of Claim.
**(Title of Document)**

Carmen R. Williams
Name of *Pro Se* Party (Print or Type)

[signature]
Signature of *Pro Se* Party

Executed on: 9/18/2026 (Date)

**OR**

**The following attorney(s) prepared or assisted me in preparation of** ____________________.
**(Title of Document)**

____________________
(Name of Attorney)

____________________
(Address of Attorney)

____________________
(Telephone Number of Attorney)
Prepared, or assisted in the preparation of, this document.

____________________
(Name of *Pro Se* Party (Print or Type)

____________________
Signature of *Pro Se* Party

Executed on: ____________________(Date)